**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KENNETH W. LEWIS,** <br><br> **Plaintiff,** <br><br> v. <br><br> **HANS E. VESTBERG,** <br><br> **Defendant.** | **Civil Action No.: 23-0102 (ES) (JSA)** <br><br> **MEMORANDUM ORDER** |

**SALAS, DISTRICT JUDGE**

It appearing that:

1.  On January 5, 2023, Plaintiff Kenneth W. Lewis filed this action against Defendant Hans E. Vestberg, who is alleged to be a board member of Verizon Wireless and/or Cellco Partnership. (D.E. No. 1 ("Complaint" or "Compl.") at 1 & 9).[1] To the best the Court can determine, Plaintiff appears to take issue with the fact that Defendant allegedly failed to release certain cellphone records to Plaintiff upon Plaintiff's request. (*Id.* at 3–4). Plaintiff appears to allege that he requested certain cellphone records from an individual named Patricia Croal, who failed to comply with his requests. (*Id.*). Plaintiff claims that Defendant was personally notified that Verizon Wireless and Patricia Croal had failed to provide certain cellphone records to Plaintiff and that Defendant took no action to cure both Verizon Wireless's and Patricia Croal's failure to provide such records to Plaintiff. (*Id.* at 3). Plaintiff contends that Defendant's failure to provide Plaintiff with the requested cellphone records amounts to (i) a violation of 5 U.S.C. § 552a (the

---

[1]    Citations to Docket Entry Number 1 correspond to the pagination automatically generated by the Court's electronic filing system.

1

"Privacy Act"); (ii) negligence per se; and (iii) professional negligence and/or professional malpractice. (*Id.* at 1–2). Plaintiff seeks billions of dollars in damages. (*Id.* at 4).

2. On February 14, 2023, Plaintiff filed an affidavit of service claiming that he served summons on an individual named Daniel Ilao, who is allegedly designated by law to accept service of process on behalf of Defendant. (D.E. No. 6). Service of process appears to have been made at Verizon Wireless's address. (See D.E. No. 6 (noting that service was made at 180 Washington Valley Road, Bedminster New Jersey 07921); Compl. at 5 (noting that Verizon Wireless's address is 180 Washington Valley Road, Bedminster New Jersey 07921)). On March 24, 2023, Defendant's counsel entered a notice of appearance in this action. (D.E. No. 14). Defendant noted that even though Plaintiff filed an affidavit of service in this case, service was never properly effectuated on Defendant under Federal Rule of Civil Procedure 4. (D.E. No. 15). Nevertheless, though Defendant maintains that he was never properly served with process, he notified the Court of his intention to move for dismissal under Federal Rule of Civil Procedure 12(b)(6). (*Id.*). Defendant filed a motion to dismiss on June 12, 2023. (D.E. No. 24-1 ("Mov. Br.")). In the Motion, though Defendant states that he does not acknowledge that he was properly served and does not waive his right to proper service of process, he explains that he has moved forward with his motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) because there are no viable claims against Defendant. (Mov. Br. at 5 n.1). Though Plaintiff did not file a formal opposition to the Motion, he filed a number of submissions on the docket, contending that Defendant failed to respond to his Complaint in a timely manner. (*See, e.g.*, D.E. Nos. 26, 28, 30–32).

3. On January 12, 2024, the Court directed Plaintiff to provide proof that service was properly made on Defendant, or otherwise show cause why the Court should not dismiss this action for his failure to effect valid service, no later than January 26, 2024. (D.E. No. 40). The Court

2

further reminded Plaintiff that pursuant to Federal Rule of Civil Procedure 4(m), if a defendant is not served within 90 days after the Complaint is filed, the Court, after notice to Plaintiff, "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." (*Id.* (citing Fed. R. Civ. P. 4(m)). On January 22, 2024, Plaintiff submitted a letter asserting that he properly served summons on an individual named Daniel Ilao, who is allegedly designated by law to accept service of process on behalf of Defendant. (D.E. No. 41).[2] Plaintiff also asserts that he mailed the summons to Defendant and Defendant's counsel as well as emailed the summons to Defendant's counsel. (*Id.* at 4).

4. "[A] Court may sua sponte raise the issue of improper service of process." *Pearah v. Intercontinental Hotel Grp. PLC*, No. 15-7354, 2016 WL 3548147, at *2 (D.N.J. June 29, 2016) (citing Fed. R. Civ. P. 4(m)). Federal Rule of Civil Procedure 4(m) provides,

> "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Fed. R. Civ. P. 4(m). Showing good cause "requires a demonstration of good faith on the part of the party seeking enlargement and some reasonable basis for noncompliance within the time specified by the rule." *Veal v. United States*, 84 F. App'x 253, 256 (3d Cir. 2004).

5. As recounted above, Plaintiff contends that Defendant failed to respond to his Complaint in a timely manner. (*See, e.g.,* D.E. Nos. 26, 28, & 30–32). More specifically, Plaintiff points out that on February 10, 2023, he served the summons on an individual named Daniel Ilao, who he claims is designated by law to accept service of process on behalf of Defendant. (D.E. No.

---

[2] Citations to Docket Entry Number 41 correspond to the pagination automatically generated by the Court's electronic filing system.

3

6). And Plaintiff contends that Defendant failed to file a responsive pleading within 21 days after being served with the summons and Complaint in this matter in accordance with Federal Rule of Civil Procedure 12. (*See, e.g.,* D.E. Nos. 26, 28, & 30–32). Plaintiff also asserts that he mailed the summons to Defendant and Defendant's counsel as well as emailed the summons to Defendant's counsel. (*Id.* at 4). For the reasons set forth below, the Court finds that, contrary to Plaintiff's assertions, Defendant was not properly served in this matter.

6. Rule 4(m) provides, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "[T]he party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Grp., Ltd. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993). While courts liberally construe "'the pleadings and the complaints of pro se plaintiffs . . . [they] must follow the rules of procedure and the substantive law.'" *Khater v. Puzino Dairy, Inc.*, No. 14-4618, 2015 WL 4773125, at *3 (D.N.J. Aug. 12, 2015) (quoting *Thompson v. Target Stores*, 501 F. Supp. 2d 601, 603 (D. Del. 2007)). There are two ways to effectuate service under the federal rules. First, service is proper when it complies with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e). Under New Jersey Rule 4:4–4(a)(1), service on an individual must be made:

> [B]y delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by

4

>     appointment or by law to receive service of process on the individual's behalf.

N.J. Ct. R. 4:4-4(a)(1). Second, service is proper when a copy of the summons and complaint are (A) delivered to the individual personally; (B) left at the "individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (C) delivered to an agent authorized by appointment or law to receive service. Fed. R. Civ. P. 4(e)(2)(A)–(C).

7. Upon review of the Summons and affidavit from Plaintiff, as well as the additional submissions submitted by Plaintiff, the Court concludes that Defendant was not properly served in any of the ways permitted by Federal Rule of Civil Procedure 4(e). First, the Summons clearly indicates that Defendant was not personally served. (D.E. No. 6; *see also* D.E. No. 41). Second, service of process at what appears to be Verizon Wireless's address is not delivery to an individual's dwelling place. (D.E. No. 6 (noting that service was made at 180 Washington Valley Road, Bedminster New Jersey 07921); Compl. at 5 (noting that Verizon Wireless's address is 180 Washington Valley Road, Bedminster New Jersey 07921)); *Brown v. Quinn*, No. 20-7002, 2021 WL 5782973, at *2 (D.N.J. Dec. 7, 2021), *appeal dismissed*, No. 22-1054, 2022 WL 2657346 (3d Cir. Apr. 14, 2022); *Reddy v. MedQuist, Inc.*, No. 06-4410, 2009 WL 2413673, at *4 (D.N.J. 2009) (citing Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1096, at 522 (3d ed. 2002)). Third, Plaintiff has not provided any evidence to establish that the individual who accepted service, Daniel Ilao, is an eligible agent to receive process on behalf of Defendant. Plaintiff bears the burden of showing that an agency relationship existed. *Dunkley v. Rutgers*, No. 06-5762, 2007 WL 2033827, at *2 (D.N.J. July 11, 2007) (citing *Local 617, Int'l Bhd. Of Teamsters, Chauffers, Warehousmen & Helpers of Am. v. Hudson Bergen Trucking Co.*, 440 A.2d 18, 19–20 (N.J. App. Div. 1981)). "Two types of agents are eligible to receive process: those authorized by appointment and those authorized by law." *Brown*, 2021 WL 5782973, at *2

(cleaned up).  "Service upon an agent tends to be strictly construed, requiring 'an actual appointment for the specific purpose of receiving process.'" *Id.* (quoting *Nyholm v. Pryce*, 259 F.R.D. 101, 104 (D.N.J. 2009)).  "[I]n the absence of an express agreement between the agent and principal or in the absence of circumstances which clearly show that such an agreement was intended by the parties, authorization to accept service of process on behalf of a corporation or an individual would not be deemed to exist." *Id.* (internal quotations and citation omitted).  Plaintiff has provided no argument for the proposition that Daniel Ilao was authorized by law to receive service of process for Defendant, nor has he provided evidence by affidavit or otherwise to suggest that there was an independent agency relationship between Daniel Ilao and Defendant.  In the absence of any facts in the record to suggest that an agency relationship for receipt of process existed, the Court cannot conclude that Daniel Ilao was authorized by appointment or by law to receive service on behalf of Defendant. *Id.* at *3.

8. Plaintiff also appears to suggest that he properly served Defendant by mailing the summons to Defendant's counsel as well as emailing the summons to Defendant's counsel. (D.E. No. 41 at 4).  This is unavailing.  "The mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service." *Mandale v. Des Moines Tria Tower, LLC*, No. 08-4888, 2009 WL 2412596, at *3 (E.D. Pa. Aug. 5, 2009) (internal quotations and citation omitted).  Attorneys may be agents for service, but must have express or implied authority to do so.  *See In re Harnischfeyer Indus., Inc.*, 288 B.R. 79, 82–83 (D. Del. 2003).  Here, Plaintiff has not shown that Defendant's counsel was authorized to accept service on behalf of Defendant.  As such, any attempts by Plaintiff to mail or email summons to Defendant's counsel are ineffective.

9. Likewise, Plaintiff's attempt to mail summons to Defendant at what appears to be Verizon Wireless's address is unavailing.  (D.E. No. 41 at 4 (noting that summons was mailed to

6

180 Washington Valley Road, Bedminster New Jersey 07921); Compl. at 5 (noting that Verizon Wireless's address is 180 Washington Valley Road, Bedminster New Jersey 07921)). "Personal service is the primary method of service in New Jersey." *City of Passaic v. Shennett*, 915 A.2d 1092, 1097 (N.J. Super. Ct. App. Div. 2007). Service by certified mail is permitted only "[i]f personal service cannot be effected after a reasonable and good faith attempt." N.J. Ct. R. 4:4-3(a). Here, Plaintiff has not shown that personal service could not be effected after a reasonable and good faith attempt. *Davidovic v. Rutgers Univ.*, No. 18-3285, 2022 WL 980600, at *3 (D.N.J. Mar. 31, 2022) ("[S]ervice by certified mail is proper under New Jersey rules only after Plaintiff has made a reasonable and good faith attempt at personal service. It appears here that, prior to mailing the Summons and Complaint, Plaintiff made no attempt at personal service. This is a prerequisite to proper service by certified mail.").

10.     Regardless, New Jersey law provides that service of process may be effected by mail, instead of by personal service, under two circumstances. First, a plaintiff may attempt to serve a defendant in the first instance by "registered, certified or ordinary mail," but this service is only considered valid where "the defendant answers the complaint or otherwise appears in response thereto" within 60 days following mailed service. N.J. Ct. R. 4:4–4(c). Second, if a plaintiff files an affidavit satisfying the requirements of N.J. Ct. R. 4:4–5(b) that establishes that "despite diligent effort and inquiry personal service cannot be made," then service may be made by simultaneously sending copies of the summons and complaint by registered or certified mail, return receipt requested, and by ordinary mail. N.J. Ct. R. 4:4–4(b)(1)(C). Here, it is not clear from Plaintiff's submissions when Plaintiff mailed summons to what appears to be Verizon Wireless's address. (*See* D.E. No. 41 at 13). And Plaintiff has not filed an affidavit that establishes

7

that despite diligent effort and inquiry Defendant cannot be personally served in New Jersey. As such, Plaintiff has not demonstrated that he appropriately effected service of process by mail.

11. The Court acknowledges that Defendant has actual notice of this lawsuit. The Third Circuit has recognized that "[w]hen there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Stranahan Gear Co. v. NL Industries, Inc.*, 800 F.2d 53, 56 (3d Cir. 1986) (quoting *Armco, Inc. v. Penrod-Stauffer Building Systems, Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). However, the Third Circuit has also emphasized that "the rules are there to be followed, and plain requirements for the means of effecting service may not be ignored." *Id.*; *Wilton Reassurance Life Co. of New York v. Engelhardt*, No. 21-9968, 2023 WL 4864296, at *3 n.8 (D.N.J. July 31, 2023) ("Service via regular mail or email is insufficient even where there is actual notice.); *see also Jackson Hewitt Inc. v. Active Income Taxes, Inc.*, No. 22-02355, 2022 WL 17340726, at *4 (D.N.J. Nov. 30, 2022) (finding that service was improper, notwithstanding the fact that the defendants had notice).

12. As such, since Plaintiff has not demonstrated that there has been proper service on Defendant, his arguments that Defendant's motion was untimely and that Defendant is in default are unavailing. Because Plaintiff has not otherwise shown good cause for his failure to properly serve Defendant, the Court finds that dismissal of Plaintiff's claims against Defendant without prejudice for lack of service is the proper remedy. *Rodriguez v. New Jersey*, No. 18-11166, 2021 WL 567987, at *3 (D.N.J. Feb. 16, 2021). In sum, Plaintiff's lack of compliance with Rule 4(m) warrants the dismissal of his claims against Defendant *without prejudice*. Accordingly,

**IT IS** on this 29th day of February 2024,

**ORDERED** that Plaintiff's claims against Defendant are DISMISSED *without prejudice*; and it is further

**ORDERED** that should Plaintiff wish to pursue claims against Defendant, Plaintiff shall effectuate service of the Complaint in a manner consistent with Federal and New Jersey rules; and it is further

**ORDERED** that Defendant's motion to dismiss (D.E. No. 24) is TERMINATED as moot. Defendant may reinstate any such motion if proper service is effectuated; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order on Plaintiff by regular U.S. mail.

<u>s/ Esther Salas</u><br>
**Esther Salas, U.S.D.J.**