**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KENNETH W. LEWIS,

        **Plaintiff,**

    v.

HANS E. VESTBERG,

        **Defendant.**

Civil Action No.: 23-0102 (ES) (JSA)

**MEMORANDUM ORDER**

**SALAS, DISTRICT JUDGE**

It appearing that:

1. On January 5, 2023, Plaintiff Kenneth W. Lewis filed this action *pro se* against Defendant Hans E. Vestberg, who is an alleged board member of Verizon Wireless and/or Cellco Partnership. (D.E. No. 1 ("Complaint" or "Compl.") at 1 & 9).[1] To the best the Court can determine, Plaintiff appears to take issue with the fact that Defendant allegedly failed to release certain cellphone records to Plaintiff upon Plaintiff's request. (*Id.* at 3–4). Plaintiff appears to allege that he requested certain cellphone records from an individual named Patricia Croal, who failed to comply with his requests. (*Id.*). Plaintiff claims that Defendant was personally notified that Verizon Wireless and Patricia Croal had failed to provide certain cellphone records to Plaintiff and that Defendant took no action to cure both Verizon Wireless's and Patricia Croal's failure to provide such records to Plaintiff. (*Id.* at 3). Plaintiff contends that Defendant's failure to provide Plaintiff with the requested cellphone records amounts to (i) a violation of 5 U.S.C. § 552a (the

---

[1] Citations to Docket Entry Number 1 correspond to the pagination automatically generated by the Court's electronic filing system. Verizon Wireless and Cellco Partnership are not parties to this action.

"Privacy Act"); (ii) negligence per se; and (iii) professional negligence and/or professional malpractice. (*Id.* at 1–2). Plaintiff collectively seeks billions of dollars in damages. (*Id.* at 4).

2. On February 14, 2023, Plaintiff filed an affidavit of service claiming that he served summons on an individual named Daniel Ilao, who is allegedly designated by law to accept service of process on behalf of Defendant. (D.E. No. 6). Service of process appears to have been made at Verizon Wireless's address. (*See* D.E. No. 6 (noting that service was made at 180 Washington Valley Road, Bedminster New Jersey 07921); Compl. at 5 (noting that Verizon Wireless's address is 180 Washington Valley Road, Bedminster New Jersey 07921)).

3. On March 24, 2023, Defendant's counsel entered a notice of appearance in this action. (D.E. No. 14). Defendant maintains that even though Plaintiff filed an affidavit of service in this case, service was never properly effectuated on Defendant under Federal Rule of Civil Procedure 4. (D.E. No. 15). Nevertheless, Defendant notified the Court of his intention to move for dismissal under Federal Rule of Civil Procedure 12(b)(6). (*Id.*). Defendant filed a motion to dismiss on June 12, 2023. (D.E. No. 24-1 ("Mov. Br.")). In the Motion, although Defendant continued to maintain that he was served improperly and did not waive his right to proper service of process, he explained that he submitted his motion to dismiss because there are no viable claims against him in the Complaint. (Mov. Br. at 5 n.1).

4. On January 12, 2024, the Court directed Plaintiff to provide proof that service was properly made on Defendant, or otherwise show cause why the Court should not dismiss this action for his failure to effect valid service, no later than January 26, 2024. (D.E. No. 40). The Court further reminded Plaintiff "that pursuant to Federal Rule of Civil Procedure 4(m), if a defendant is not served within 90 days after the Complaint is filed, the Court, after notice to Plaintiff, 'must dismiss the action without prejudice against that defendant or order that service be made within a

specified time.'" (*Id.* (quoting Fed. R. Civ. P. 4(m)). On January 22, 2024, Plaintiff submitted a letter asserting that he properly served summons on an individual named Daniel Ilao, who is allegedly designated by law to accept service of process on behalf of Defendant. (D.E. No. 41).[2] Plaintiff also asserted that he mailed the summons to Defendant and Defendant's counsel as well as emailed the summons to Defendant's counsel. (*Id.* at 4).

5. On February 29, 2024, the Court dismissed Plaintiff's claims *without prejudice* for lack of proper service. (D.E. No. 42 at 8–9). As an initial matter, the Court noted that Defendant was not properly served in any of the ways permitted by Federal Rule of Civil Procedure 4(e). (*Id.* at 5). Specifically, the Court noted that Defendant was not personally served (*id.* (citing D.E. No. 6 & D.E. No. 41)) and explained that service of process at what appeared to be Verizon Wireless's address was not delivery to an individual's dwelling place. (*Id.* (citing D.E. No. 6 (noting that service was made at 180 Washington Valley Road, Bedminster New Jersey 07921); and Compl. at 5 (noting that Verizon Wireless's address is 180 Washington Valley Road, Bedminster New Jersey 07921))). Additionally, the Court explained that Plaintiff failed to provide evidence that the person who accepted service, Daniel Ilao, was an eligible agent to receive process on behalf of Defendant. (*Id.*).

6. Further, although Plaintiff asserted that he mailed and emailed the summons to Defendant's counsel, the Court found that these efforts were ineffective to render service proper because Plaintiff failed to provide evidence that Defendant's counsel was authorized to accept service on behalf of Defendant. (*Id.* at 6).

7. Next, the Court noted that Plaintiff's attempt to mail the summons to Defendant was ineffective since he did not demonstrate that he appropriately effected service of process by

---

[2] Citations to Docket Entry Number 41 correspond to the pagination automatically generated by the Court's electronic filing system.

3

mail.  (*Id.* at 6–8).  Lastly, the Court found that Plaintiff did not otherwise show good cause for his failure to properly serve Defendant.  (*Id.* at 8).  Accordingly, the Court dismissed Plaintiff's claims against Defendant *without prejudice*.  (*Id.*).

8. The Court's Order from February 29, 2024 explained that if Plaintiff wished to pursue claims against Defendant, Plaintiff needed to effectuate service of the Complaint in a manner consistent with Federal and New Jersey rules governing service of process.  (*Id.* at 9).  After over three months of inaction, the Court, on June 6, 2024, issued a Notice of Call for Dismissal to Plaintiff informing him that his action would be dismissed on June 20 for failure to effect service of the summons and Complaint under Federal Rule of Civil Procedure 4(m), unless Plaintiff established that service had been properly effectuated.  (D.E. No. 45).

9. In response, Plaintiff filed a letter on June 19, 2024, asserting that he had properly effected service on Defendant.  (D.E. No. 46).  To support his argument Plaintiff again asserts that he properly served summons on an individual named Daniel Ilao, who is allegedly designated by law to accept service of process on behalf of Defendant.  (D.E. No. 46-1 at 2).[3]  However, as the Court noted in its prior order, "[s]ervice upon an agent tends to be strictly construed, requiring 'an actual appointment for the specific purpose of receiving process.'"  *Brown v. Quinn*, No. 20-7002, 2021 WL 5782973, at *2 (D.N.J. Dec. 7, 2021) (quoting *Nyholm v. Pryce*, 259 F.R.D. 101, 104 (D.N.J. 2009)).  Plaintiff has provided no argument for the proposition that Daniel Ilao was authorized by law to receive service of process for Defendant, nor has he provided evidence by affidavit or otherwise to suggest that there was an independent agency relationship between Daniel Ilao and Defendant.  Accordingly, as the Court noted in its prior order finding that service was improper in the absence of any facts in the record to suggest that an agency relationship for receipt

---

[3] Citations to Docket Entry Number 46 and 46-1 correspond to the pagination automatically generated by the Court's electronic filing system.

of process existed (D.E. No. 42 at 5–6), the Court cannot conclude that Daniel Ilao was authorized by appointment or by law to receive service on behalf of Defendant.

10. Further to the extent Plaintiff again suggests that he properly served Defendant by mailing/and or emailing the summons to Defendant's counsel (D.E. No. 46-1 at 7 & 9), as the Court noted in its prior order "[t]he mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service." *Mandale v. Des Moines Tria Tower, LLC*, No. 08-4888, 2009 WL 2412596, at *3 (E.D. Pa. Aug. 5, 2009) (internal quotations and citation omitted) (alteration in original). Attorneys may be agents for service, but must have express or implied authority to do so. *See In re Harnischfeyer Indus., Inc.*, 288 B.R. 79, 82–83 (Bankr. D. Del. 2003). Plaintiff again has not shown that Defendant's counsel was authorized to accept service on behalf of Defendant. Nor has Plaintiff produced evidence suggesting that defense counsel accepted service on Defendant's behalf. Thus, as the Court noted in its prior order finding that such service was improper (D.E. No. 42 at 6), any attempts by Plaintiff to mail or email summons to Defendant's counsel are ineffective. Accordingly,

**IT IS** on this 22nd day of August 2024,

**ORDERED** that the Clerk of the Court shall CLOSE this matter; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order on Plaintiff by regular U.S. mail.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

5